# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-1400V
### Filed: February 17, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DEBORAH VANDERPOOL, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Influenza ("flu") Vaccine; Shoulder Injury |
| | * | Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Anne Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner.*
*Ryan Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On November 19, 2015, Deborah Vanderpool ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she received an influenza ("flu") vaccination on December 1, 2014, and thereafter suffered from a shoulder injury related to vaccine administration ("SIRVA"). *See generally* Petition. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On February 17, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Rule 4(c) Rep. at 1. Specifically, respondent concluded, after reviewing the petition and medical records in this case, "that petitioner's alleged injury is consistent with SIRVA; that a preponderance of evidence establishes that her SIRVA was caused-in-fact by the flu vaccination she

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

received on December 1, 2014; and that no other causes for petitioner's SIRVA were identified." *Id.* at 5. Respondent further stated "given that petitioner was seen for PT as of December 8, 2015, the statutory six month sequela requirement has been satisfied." *Id.* "Therefore, based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence contained in the record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master